**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 30 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEANGELO LAMONT MITCHELL,

Petitioner - Appellant,

v.

DWIGHT NEVEN, Warden,

Respondent - Appellee.

No. 09-16890

D.C. No. 2:06-cv-00066-RCJ-LRL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

Submitted July 20, 2012[**]
San Francisco, California

Before: PAEZ and BYBEE, Circuit Judges, and VANCE, Chief District Judge.[***]

DeAngelo Lamont Mitchell ("Mitchell") was found guilty of burglary while

in possession of a firearm, conspiracy to commit robbery, robbery with use of a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Sarah S. Vance, Chief District Judge for the U.S. District Court for Eastern District of Louisiana, sitting by designation.

deadly weapon, and two counts of murder with use of a deadly weapon under Nevada law. Mitchell was sentenced, *inter alia*, to two consecutive life sentences with the possibility of parole after twenty years. Mitchell appealed his convictions and sentence to the Nevada Supreme Court, which affirmed. He subsequently filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in federal district court, which the district court denied. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Mitchell argues that the Nevada Supreme Court erred in rejecting his argument that concurrent and consecutive sentences of life with the possibility of parole constitutes cruel and unusual punishment in violation of the Eight Amendment when levied against him, a 16-year-old offender convicted only of felony-murder. This argument is without merit. Although the state supreme court did not cite to the gross disproportionality principle in analyzing Mitchell's Eighth Amendment claim, it cited to *Castillo v. State*, 874 P.2d 1252, 1257-58 (Nev. 1994), where the court acknowledged and applied that principle. Moreover, the court's conclusion was consistent with *Solem v. Helm*, 463 U.S. 277 (1983), which stated that "no sentence of imprisonment would be grossly disproportionate" to felony murder. *Id.* at 290 n.15. Therefore, the state supreme court's decision was

not contrary to, or an unreasonable application of, clearly established Supreme Court law.

Second, Mitchell argues that the state supreme court erred in rejecting his argument that admission at trial of certain incriminating statements made to detectives violated his Fifth Amendment rights. This argument also fails. The state court cited to the correct legal principles in analyzing Mitchell's Fifth Amendment claim. Specifically, it considered the totality of the circumstances surrounding Mitchell's interrogation and found that Mitchell was properly advised of his *Miranda* rights, that he understood them at the time of his first and second interrogations, and that his will was not overborne by undue physical or psychological pressure. The state court's conclusion was consistent with *Oregon v. Elstad*, 470 U.S. 298 (1985), which established that, even where *Miranda* warnings are ineffective, a suspect's Fifth Amendment rights are not violated unless his confession is in fact involuntary. *Id.* at 306-07. Because the Nevada Supreme Court's decision was not contrary to, or an unreasonable application of, clearly established Supreme Court law, the district court properly rejected this claim.

AFFIRMED.